**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **MARIBEL MONTALVO RIOS,** | |
| Plaintiff, | |
| v. | **Civil No. 10-1293 (SEC)** |
| **MUNICIPALITY OF GUAYNABO, et al.,** | |
| Defendants. | |

**OPINION and ORDER**

Pending before the Court is Plaintiff Maribel Montalvo-Rios's ("Plaintiff") second motion for reconsideration (Docket # 71) and the Municipality of Guaynabo's ("Municipality") opposition thereto.[1] For the reasons set forth below, the motion is **DENIED**.

**Background**

Plaintiff sued the Municipality and the chief of its municipal police, Carmelo Correa-Ruiz ("Correa"), on Title VII claims of sexual harassment and retaliation, and on pendent state-law claims. Docket # 1. The factual allegations have been discussed in previous opinions (Docket ## 38 and 70), so the Court will refrain from restating them here. Instead, the Court will summarize the relevant procedural background of the case.

On October 19, 2010, the Court ruled on the Municipality's motion to dismiss and Plaintiff's opposition thereto. Docket # 38. The Court then held that Correa was an *alter ego* of the Municipality, but that the Municipality did not satisfy the affirmative defense set forth by the Supreme Court in Faragher to avoid liability for Correa's actions. Docket # 38. The motion to dismiss was denied with regard to the sexual harassment claims. Id. At the same time, the Court found that the allegations in the Complaint were insufficient to support Plaintiff's

---

[1] The United States filed an *amicus* brief supporting Plaintiff (Docket # 76). Plaintiff replied to the Municipality's opposition (Docket # 84).

retaliation claims and dismissed those claims with prejudice. Id. Partial judgment was entered accordingly. Docket # 39.

Plaintiff subsequently moved the Court to reconsider (Docket # 42), supported by *amicus curiae* the United States (Docket # 45), arguing that the Court had erred in not applying strict liability to the Municipality upon finding that Correa was its *alter ego*; she also asked the Court to reconsider its dismissal of the retaliation claims. Plaintiff additionally sought leave to amend her Complaint to include specific factual allegations regarding persecution by Correa. Docket # 42 at 15-16. The Municipality, for its part, moved for clarification and/or reconsideration of the Court's findings that Correa was its *alter ego* and that the Municipality did not meet the Faragher defense. Docket # 47.

Upon reconsideration, the Court concluded after taking into account, among other things, the factors mentioned in Canabal v. Aramark Corp., 48 F. Supp. 2d 94 (D.P.R. 1999), that it could not decide, at the motion-to-dismiss stage, whether Correa was an *alter ego* of the Municipality. Docket # 70. The motion for reconsideration was denied as to the retaliation claims. Id. The Court, however, granted Plaintiff leave to amend her Complaint to include specific factual allegations relating to her claim that Correa persecuted her after she spurned his sexual advances. Id. No new judgment was entered, nor was the Court's previous judgment (Docket # 39) amended. See Docket ## 70 and 71.

Not quite satisfied, Plaintiff once again moved the Court to reconsider, claiming that the Court had improperly focused on the Canabal factors, which, she contends, are inapplicable to determining whether an individual is the *alter ego* of a public entity. Docket # 71 at 2-7. She argues that leave to amend her Complaint should have also been granted as to her retaliation claims, instead of just as to her persecution claims. Id. at 7-10. Once again, the United States submitted an *amicus* brief supporting her motion. Docket # 76. The Municipality opposed Plaintiff's motion (Docket # 81), and Plaintiff replied (Docket # 84).

**CIVIL NO. 10-1293 (SEC)**                                                      **Page 3**

---

**Applicable Law and Analysis**

Fed. R. Civ. P. 59(e) states that "[a] motion to alter or amend *a judgment* must be filed no later than 28 days after the *entry of the judgment*." Fed. R. Civ. P. 59(e) (emphasis added). In order for a second motion for reconsideration to be timely, it "must challenge the altered and not the original judgment." McNabola v. Chicago Transit Auth., 10 F.3d 501, 521 (7th Cir. 1993); see Melendez v. Autogermana, Inc., 622 F.3d 46, 57 n.12 (1st Cir. 2010) (finding that untimeliness provided alternate grounds to deny later motion for reconsideration where earlier motion had not resulted in amendment of original judgment). In a case brought before the 2009 amendment extending the time period for Rule 59(e) motions from 10 days to 28, the First Circuit held that district courts lack authority to consider a second motion for reconsideration brought outside the time limit after the entry of judgment, and "[t]he fact that it was filed within ten days of the denial of the first motion for reconsideration makes no difference." Fisher v. Kadant, Inc., 589 F.3d 505, 511 (1st Cir. 2009).[2] This Court simply lacks the power to grant an untimely Rule 59(e) motion. Garcia-Velazquez v. Frito Lay Snacks Caribbean, 358 F.3d 6, 11 (1st Cir. 2004). Here, no judgment was entered after the court ruled on the first set of motions for reconsideration, nor was the original judgment altered. See Docket # 70. The present motion under Rule 59(e) is thus untimely, as it comes nearly six months after the only judgment it could seek to amend was filed. See Docket # 39.

---

[2]Had the motion been brought under Fed. R. Civ. P. 60, the Court would also have had to deny it. The First Circuit has held that a Rule 60(b)(1) motion is an inappropriate vehicle to seek reconsideration based solely on an error of law, because to make it so would render Rule 59(e) mere surplusage. See Silk v. Sandoval, 435 F.2d 1266 (1st Cir. 1971). And absent a subsequent change in legislation or controlling decisional law, the other provisions of Fed. R. Civ. P. 60 are equally inapplicable, unless the Court by a mistake of law has entered a judgment it had no jurisdiction to enter. See generally 11 Wright, Miller & Kane, Federal Practice and Procedure §§ 2854–66 (2d ed. 1995 | Supp. 2011). The parties have not argued, nor could they, that the Court was without jurisdiction to dismiss Plaintiff's retaliation claims.

**CIVIL NO. 10-1293 (SEC)**                                                          **Page 4**

---

Plaintiff, the Municipality, and *amicus* the United States have identified in their briefs a complex issue of agency law that deserves, if anything, even more than the keen attention that the parties have so far given to the matter. The time will come to talk of many things: of Faragher—and *alter egos*—and many things besides; but that time is not now.[3] The Court must address every matter at its proper moment, and though this may occasionally frustrate litigators, there is a method to it that ensures orderliness in the judicial process.[4] The parties may bring their arguments about *alter ego* liability and the Faragher defense at the summary judgment stage. But for now, the Court's previous Opinion and Order (Docket # 70) stands.

Plaintiff's motion must be **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of June, 2011.

                                        *s/ Salvador E. Casellas*
                                        SALVADOR E. CASELLAS
                                        U.S. Senior District Judge

---

[3]        'The time has come,' the Walrus said,
           'To talk of many things:
           'Of shoes—and ships—and sealing wax—
           'Of cabbages—and kings— . . . .

Lewis Carroll, Through the Looking-Glass (1872).

[4]"Though this be madness, yet there is method in't." William Shakespeare, Hamlet act 2, sc. 2.